OPINION
{¶ 1} Appellant, William Jamar Jr., appeals from the judgment of conviction and sentence entered in the Muskingum County Court wherein appellant was found guilty of one count of menacing (R.C. 2903.22) and one count of telephone harassment (R.C. 2917.21), which findings were made after appellant entered a guilty plea to the menacing charge and a no-contest plea to the telephone harassment charge.
 {¶ 2} Appellant filed a timely notice of appeal and requested that counsel be appointed to represent him. Counsel was subsequently appointed to represent appellant. On February 27, 2003, counsel for appellant filed a merit brief pursuant to Anders v. California (1967), 388 U.S. 924. Counsel for appellant also notified this court that he had advised appellant in writing that he had filed the Anders brief. Appellant was further advised by his counsel that he had the right to file a pro se brief raising any issue he deemed occurred at the trial court level. Appellant filed no such pro se brief.
 {¶ 3} Counsel for appellant assigned as error:
 {¶ 4} "THE TRIAL COURT ERRED BY ACCEPTING THE APPELLANT'S CHANGE OF PLEA AND IT WAS NOT MADE VOLUNTARILY WITH UNDERSTANDING OF THE NATURE OF THE CHARGES AND PENALTIES, WITH FULL UNDERSTANDING OF THE EFFECT OF THE PLEA AND FULL UNDERSTANDING OF THE WAIVER OF CONSTITUTIONAL RIGHTS AND VIOLATIONS OF OHIO CRIM. R. 11."
 {¶ 5} Counsel for appellant admitted the transcript from the change of the plea hearing on October 16, 2002, demonstrated that the trial court personally addressed appellant. During the exchange, appellant indicated that he understood the charges and possible penalties against him and he was informed of the maximum penalty for each charge. The trial court further explained to appellant his constitutional rights before accepting his pleas. The record further reflects that the trial court determined appellant was voluntarily entering his pleas to the above charges with full understanding of the nature of the charges.
 {¶ 6} Additionally, the record contains forms executed by appellant acknowledging that he was informed of his constitutional rights, that he understood those rights, and he chose to waive those rights. Additionally, appellant was represented by counsel at all stages of the proceedings.
 {¶ 7} When appointed counsel finds a case to be wholly frivolous, after conscientious examination of the record, counsel should so advise this court and request permission to withdraw, supplying a brief referring to anything in the record that might arguably support the appeal. Anders, supra. After the appellant is given the opportunity to file his own pro se brief, this court may proceed, after full examination of the record, to decide whether the case is wholly frivolous. Id. If this court finds the case to be frivolous, the court should grant the request to withdraw. If the court finds that there are issues that should be addressed, the court may afford assistance of counsel to further argue the appeal. Id.
 {¶ 8} In the instant case, we have examined the record, and agree with counsel for appellant that this appeal is wholly frivolous. Appellant's pleas were knowingly, intelligently, and voluntarily made. Furthermore, we find no other errors occurred at the trial court level.
 {¶ 9} Accordingly, the motion of Attorney D. Scott Rankin to withdraw as counsel for appellant in the instant matter is hereby granted.
 {¶ 10} The judgment of the Muskingum County Court is hereby affirmed.
By Gwin, P.J., Farmer, J., and Wise, J., concur